**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x
**DIEGO JOSE RIVERA,**

                 **Plaintiff,**

   -against-                            21-cv-8455 (ALC)

                                     **ORDER REMANDING CASE**

**BHANU PRAKASH AVILALA AND EAN HOLDINGS, LLC.,**

                 **Defendants.**     x
-----------------------------------------------------------------

**ANDREW L. CARTER, JR., District Judge:**

If there is a basis for federal jurisdiction, a defendant may remove a case from state to federal court. A defendant must remove the case within 30 days of receiving an initial pleading, or some other paper, from which the defendant may ascertain that federal jurisdiction exists. 28 U.S.C. § 1446 (b)(1); 28 U.S.C. § 1446 (b)(3).

Under 28 U.S.C. § 1332(a), federal jurisdiction exists if the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000. When a defendant removes a case, based solely on a claim that the district court would have jurisdiction under 28 U.S.C. § 1332(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This requirement is known as the rule of unanimity.

"Even where the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants

either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty day period." *Contreras v. Britestarr Homes, Inc.*, No. 19-cv-6980, 2019 U.S. Dist. LEXIS 173823, at *4-5 (S.D.N.Y. October 7, 2019) (quoting *In re Village of Kiryas Joeal*, No. 11-cv-8494, 2012 U.S. Dist. LEXIS 44312, 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012).

Since Plaintiff served Avilala on October 4, 2021, the filing of the removal petition on October 13 was timely—occurring within 30 days of October 4.  Plaintiff served EAN Holdings, the other defendant in this case, on June 18, 2021.[1] (ECF Dkt. 1-1).  Although Avilala stated in the removal petition that EAN consents to removal, EAN did not sign the removal petition or provide unambiguous written consent to removal within the thirty day removal period.

On November 8, I issued an ORDER TO SHOW CAUSE why this case should not be remanded to state court.  In response, on November 12, EAN filed a document indicating that they consent to removal of this action.  On November 16, 2021, Avilala filed a response to the OSHOW, arguing that remand is inappropriate since remand would be based on a mere technicality and that EAN filed its consent with the court within 30 days of the filing of the removal petition.  For the reasons that follow, the case is remanded to state court.

EAN's filing indicating consent comes after the 30 day removal period elapsed.  Within 30 days of being served with the complaint on October 4, Avilala must file the removal petition, *and* all properly joined and served parties must consent to the removal.  Contrary to Avilala's

---

[1] Exhibit D to the removal petition, the verified bill of particulars, dated November 10, 2020, appears to relate to this case–although there is a different docket number–and purports to respond to *both* Avilala and Enterprise Rent A Car's demand for a bill of particulars. (ECF Dkt. 1-4).

argument, nothing in the removal statute states that EAN has 30 days after the removal petition is filed to indicate consent to removal.  Moreover, Exhibit A to Avilala's response shows that on October 12, Avilala sought EAN's consent to removal.  Nothing prevented EAN from filing a document in court—within the appropriate time frame—indicating that it consented to removal.

In his response, Avilala also relies on dicta from a 2019 case, *Harraz v. Egyptair Airlines Company, et al.*, 2019 WL 6700946 (S.D.N.Y. 2019).  Avilala quotes the following passage: "Because the Court has no doubts about the Defendants' consent, remanding this case on a technicality would disserve the judiciary's interest in efficiency, ignore the defendant's clearly expressed intent, and unnecessarily compromise their ability to litigate this case in a manner that is fa[i]r to all parties." *Id*. at *7.

Avilala's lifting of this quote, out of its proper context, does not save this case from remand.  In *Harraz*, the Court found that the rule of unanimity did not apply since the case was removed on federal question jurisdiction, not solely on diversity of citizenship. *Id*. at 3-4.  Alternatively, the Court found that technical requirements of the rule of unanimity could be excused since the defendants were represented by the same attorney.

Since this case is removed solely on the basis of diversity of citizenship jurisdiction, the rule of unanimity applies.  Avilala and EAN are represented by different attorneys, and EAN's written consent to removal was filed in this court after the removal period expired.  Avilala's remaining arguments are without merit.  This case is remanded to state court.

**SO ORDERED.**

**Dated: November 24, 2021**
           **New York, New York**

                                                                    **  /s/ Andrew L. Carter, Jr.**
                                                                    **ANDREW L. CARTER, JR.**
                                                                    **United States District Judge**